IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                                         )
                                               )    Chapter 13
MATTHEW J. KRAPFL,                             )
                                               )
    Debtors.                                 )    Bankruptcy No. 10-01461


### ORDER RE: OBJECTION TO PROOF OF CLAIM

This matter came before the undersigned on October 21, 2010 on Debtor's Objection to Proof of Claim.   Debtor was represented by Attorney Brian Peters.   Carol Dunbar appeared as Chapter 13 Trustee.   After hearing the statements of the parties, the Court took the matter under advisement.   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

### STATEMENT OF THE CASE

Debtor objects to a secured claim filed by Real Time Resolutions, Inc. for PHH Mortgage (PHH) (Claim 4).   He asserts the value of the collateral, real estate with a value of $130,000, is less than the amount of the first mortgage held by M & I Bank totaling $135,224 (Claim 3).   Debtor wishes to treat PHH's claim, which exceeds $40,000, as unsecured.   PHH has not filed a response.   Debtor's Objection includes an appraisal of the collateral real estate, dated May 28, 2009, stating the value is $130,000.

### CONCLUSIONS OF LAW

Under § 1322(b)(2), a plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims."   11 U.S.C. § 1322(b)(2).   If the value of the property is sufficient to leave the creditor partially secured, the creditor is subject to the anti-modification protection of § 1322.   Nobelman v. American Savings Bank, 508 U.S. 324, 332 (1993).   Nobelman did not address whether a wholly unsecured mortgage, i.e. a junior mortgage for which no equity

exists after deducting the amount of a senior mortgage from the value of the residence, is protected by § 1322(b)(2).

There is disagreement among courts which have addressed this issue. All Circuit Courts of Appeals, which have ruled on the issue, unanimously agree that the anti-modification provision of § 1322(b) does not apply to a wholly unsecured second mortgage on the Chapter 13 debtor residence. See In re Zimmer, 313 F.3d 1220, 1226 (9th Cir. 2002); In re Lane, 280 F.3d 663, 667-69 (6th Cir. 2002); In re Pond, 252 F.3d 122, 126 (2d Cir. 2001); In re Tanner, 217 F.3d 1357, 1360 (11th Cir. 2000); In re Bartee, 212 F.3d 277, 295 (5th Cir. 2000); In re McDonald, 205 F.3d 606, 611 (3d Cir. 2000); see also In re Griffey, 335 B.R. 166, 168 (B.A.P. 10th Cir. 2005); In re Mann, 249 B.R. 831, 840 (B.A.P. 1st Cir. 2000); but see In re Dickerson, 222 F.3d 924, 926 (11th Cir. 2000) (applying Tanner, but expressing reservations with the holding).

The Eighth Circuit has not considered the issue. Bankruptcy Courts in this Circuit have come to conflicting conclusions. Compare In re Loban, 426 B.R. 805, 806 (Bankr. D. Minn. 2010) (concluding a second mortgage lien is not unsecured by application of § 506(a)); with In re Brenneke, --- B.R. ---, 2010 WL 3995803, at *3 (Bankr. E.D. Mo. Oct. 12, 2010) (concluding that if there is no value in the collateral beyond that required to satisfy the first lien, the second lien is unsecured under § 506(a)); and In re Brown, 2010 WL 2859346, *1 (Bankr. D. Neb. July 19, 2010) (concluding debtors in Chapter 13 may "strip off" the lien of a junior mortgagee where there is no equity securing the security interest in the property).

## ANALYSIS

Neither Trustee nor PHH Mortgage has responded to Debtor's Objection to Proof of Claim. The Court feels, however, that it is appropriate to review the law regarding whether a junior lien may be stripped off under § 1322(b) and § 506(a). Although the Eighth Circuit Court of Appeals has not expressed an opinion, six other Circuit Courts agree that a wholly unsecured junior lien on a Chapter 13 debtor's personal residence may be stripped off.

Debtor's valuation of the real estate is not controverted in the record. The debt secured by M & I's first lien on the real estate exceeds the value of the real estate. This Court has reviewed the opinions which address this issue. The great majority support the conclusion that wholly unsecured junior mortgage liens may be

stripped off under § 1322(b) and § 506(a).   This Court finds that conclusion persuasive and concurs in the result.   PHH Mortgage's lien, which is wholly unsecured, is not protected by the anti-modification provision of § 1322(b).

    **WHEREFORE**, Debtor's Objection to Proof of Claim by Real Time Resolutions, Inc. for PHH Mortgage (Claim 4) is GRANTED.

    **FURTHER**, Debtor may treat the claim of Real Time Resolutions, Inc. for PHH Mortgage as an unsecured claim.

    Dated and Entered:  October 27, 2010

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE